THE STATE v. THE JUDGE OF THE FOURTH DISTRICT COURT OF NEW ORLEANS.

A provisional syndic was condemned to pay to the syndic a certain amount over $300 in his hands belonging to an insolvent estate, or be imprisoned until paid.—*Held*: that he could take a suspensive appeal according to articles 565 and 575 of the Code of Practice. The mere fact that proceedings are conducted in a summary manner has no influence on the *right* of appeal.

ON the relation of *J. C. Davidson*, praying for a writ of *mandamus.* George L. Bright, for relator.

MERRICK, C. J.  A rule *nisi* issued in this case against the Judge of the Fourth District Court, to show cause why a writ of *mandamus* should not issue requiring him to grant an appeal. The case now stands on the answer of the Judge.

The judgment or order from which the relator seeks an appeal, was rendered upon a rule filed on the 4th day of December, 1861, calling upon the relator to show cause why, as provisional syndic of the creditors of Samuel Sidle, he should not pay over to the definitive syndic the sum of $1,147 95, received from the Sheriff, or be punished for disobeying the order so to do. The judgment was rendered on the 17th of December, and ordered the relator to pay to James Hawey, the syndic, "immediately, the sum

of $951 31 received by him (the relator) as provisional syndic, and in default of such payment or delivery, that he, said Davidson, be imprisoned by the Sheriff until such payment or delivery is effected."

The following, from the answer of the Judge, will explain the proceedings prior to said rule and decree thereon. The answer shows: "That on the 13th of February, 1861, J. C. Davidson was appointed provisional syndic of Samuel Sidle's insolvency. Upon the meeting of the creditors of Sidle a contest arose as to who had been elected syndic, and on the matter being referred to this" (the District) "Court, it was decided that James Hawey, and not J. C. Davidson, had been elected syndic. From this decision Davidson appealed to the Supreme Court. On the 19th of June, 1861, Hawey, in pursuance of the decision declaring him syndic, took a rule on Davidson as provisional syndic, alleging that Davidson refused to deliver up to him the property and effects of the insolvent. This rule was made absolute on the 26th of June, 1861, and Davidson was ordered to deliver to Hawey, syndic, all the goods and effects and property, of whatever nature and kind, belonging to the insolvent; and further ordered to render an account within three days, in accordance with the 10th section of the Act relative to voluntary surrenders (Acts 1855, p. 433). A copy of the judgment was served on Davidson personally on the 27th of June. This judgment has never been appealed from."

On the 4th of December, 1861, Hawey took the rule already noticed, upon which the judgment was rendered from which Davidson is endeavoring to appeal. It appears that the relator, within the delay allowed by law for suspensive appeals, applied to the Judge of the Fourth District Court to affix his signature to the judgment and to grant him a suspensive appeal therefrom, and that he tendered an appeal bond with security in the sum of $2,000. It further appears that a copy of the judgment has been placed in the hands of the Sheriff for execution.

The District Judge considered the rule taken on the 4th of December as a proceeding under Art. 130 C. P., to enforce the execution of the decree of June 19th of the same year. He was further of the opinion, that the provisional syndic was an officer of the court, and amenable to the same for any breach of trust, and that under the case of *Gridley* v. *Conner*, 2 An. 89, such officer cannot delay the proceedings of the creditors by suits conducted with the usual delays, nor by a suspensive appeal.

It is manifest that the decree of the 17th of December, 1861, is a different decree from that of June 26th, ordering the provisional syndic, in general terms, to deliver the assets to the syndic. It was found that the latter order or decree was insufficient. Hence, a new proceeding was commenced, in furtherance of the general order, it is true, but different, because a definite sum of money was demanded of the defendant, who was ordered to pay the same, and in default thereof, be imprisoned until he did.

Here, then, is a judgment against the defendant. Is it subject to an appeal? To ascertain this, we look to the rule taken by the syndic to see what is demanded. It is $1,147 95 in money. The 62d article of the

53

STATE
v.
JUDGE 4th Dis. Ct.

Constitution therefore gives the defendant a right to appeal, for the matter in dispute exceeds $300. Was the defendant entitled to a suspensive appeal? His application was in time, and we are not aware of any law which authorizes the provisional execution of a judgment for money where the appeal is taken within the ten days allowed by law for the same. The defendant seems to stand on the same ground as any other defendant, and entitled to his suspensive appeal. C. P. 565 and 575.

The mere fact that proceedings are conducted in a summary manner has no influence on the *right* of appeal.

The bond required by law and the power conferred on the appellate court to grant damages in cases of frivolous appeals are supposed by the law-maker to be an adequate indemnity to the appellee for the delay and damage he may sustain in consequence of the appeal.

It is therefore ordered, that the rule taken in this case be made absolute, and that a *mandamus* issue as prayed for, commanding the Hon. the Judge of the Fourth District Court of New Orleans to sign the judgment rendered on the 17th day of December, 1861, on the rule taken by James Hawey, definitive syndic, in the case of *Samuel Sidle* v. *His Creditors*, No. 14,464 of said Fourth District Court, against J. C. Davidson, and to grant the defendant in said rule a suspensive appeal from said judgment, returnable to this Court, upon the defendant's giving his bond, conditioned as the law requires, with good and solvent security in the sum of $2,000, or other sufficient sum for a suspensive appeal.